Hall, J.
delivered the opinion of the Court.
In this case, the testator gives an authority to his executors to sell the land in dispute, and it is of no importance to consider whether that authority is given to them in the character of trustees or of executors; because, although in the first case the authority is annexed to the persons of the trustees, and if one dies before it is executed, it is gone, and the survivor cannot execute it; and in the latter case, the surviving executors may execute such trust. Yet it is indispensible that all the acting executors living at the time should join in such execution. In the present case, the deed was executed only by one of the executors, the other having qualified and being alive at that time. Nor can the defendant derive any aid from the statute of 21st Hen. viii. ch. 4; that statute only provides for the case where one executor refuses to intermeddle with the execution of the will, by enabling the other executors, who take upon themselves the burden of the executorship, to execute such authority by selling the land and making valid all sales by them so made. We therefore think judgment should be given for the plaintiff.